**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7259**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY SINGLETARY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   C. Weston Houck, Senior District
Judge.  (CR-90-86; CA-92-1067-12-4)

———————

Submitted:  January 30, 2004          Decided:  July 26, 2004

———————

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Jerry Singletary, Appellant Pro Se.   Mark C. Moore, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In 2001, Jerry Singletary filed a request for a certificate of appealability ("COA") from the district court's 1996 denial of his motion under 28 U.S.C. § 2255 (2000). Because Singletary's appeal is almost five years late, his appeal must be dismissed as untimely, and his request for a COA is denied as moot. See F. R. App. P. 4(a)(1)(B).

Despite the label Singletary attached to his motion, it appears, in reality, to request authorization to file a second or successive motion under § 2255. Consequently, we construe his motion as a request for such authorization. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty. 28 U.S.C. § 2244(b)(2) (2000). Singletary does not satisfy either of these conditions. Singletary's sole argument is that the Supreme Court's decision in Apprendi v. New Jersey, 503 U.S. 466 (2000), announced a new rule of law that should be made retroactive on collateral review. Singletary's argument is foreclosed by this court's decision in United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001).

Therefore, we decline to authorize Singletary to file a successive § 2255 motion.

Accordingly, we deny the certificate of appealability as moot and dismiss the appeal. We also deny Singletary authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED